LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS (213113)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PAUL J. GELLER
pgeller@lerachlaw.com
STUART A. DAVIDSON
sdavidson@lerachlaw.com
JAMES L. DAVIDSON
jdavidson@lerachlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff and the Class

E-filing

MMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY INGLES, Individually and on Behalf of All Others Similarly Situated, | Case No. C 07 1809 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | |
| MENU FOODS, INC., MENU FOODS INCOME FUND, MENU FOODS MIDWEST CORPORATION, and MENU FOODS SOUTH DAKOTA INC., | |
| Defendants. | |

Plaintiff Sherry Ingles, individually and on behalf of all others similarly situated, files this Class Action Complaint against defendants Menu Foods, Inc., a New Jersey Corporation, Menu Foods Income Fund, a foreign corporation, Menu Foods Midwest Corporation, a Delaware corporation, and Menu Foods South Dakota Inc., a Delaware corporation, and alleges as follows:

## INTRODUCTION

1. This is a class action lawsuit brought on behalf of plaintiff and others similarly situated who purchased pet food and pet food products produced, manufactured and/or distributed by defendants that caused injury, illness, and/or death to their household pets.

2. Defendants are the leading North American private label/contract manufacturer of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other wholesale and retail outlets, including Wal-Mart Stores, Inc., Safeway Inc., Kroger Company, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food products to or for Procter & Gamble Company. Defendants produce hundreds of millions of containers of pet food annually.

3. Defendants designed, manufactured, marketed, advertised and warranted their pet food products. In conjunction with each sale, defendants marketed, advertised and warranted that the products were fit for the ordinary purpose for which such goods were used – consumption by household pets – and were free from defects. Defendants produce the pet food products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food products were intended to be placed in the stream of commerce and distributed and offered for sale and sold to plaintiff and purchasers in California and the United States and fed to their pets.

4. Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on her own behalf and as a representative of a class of persons consisting of all persons in the United States who purchased, or incurred damages by using pet food produced manufactured

1 and/or distributed by defendants that was or will be recalled by defendants, including that produced
2 from December 3, 2006 up to and including March 6, 2007 (the "Class"). The pet food products
3 referenced in this paragraph will hereinafter be referred to as the "Products."

5. As a result of the defective Products, plaintiff and members of the Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

6. Defendants know and have admitted that certain of the Products produced by defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to household pets, and on March 16, 2007, initiated a recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by defendants last month after defendants received complaints the products were poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products by defendants.

## II. PARTIES

7. Plaintiff is a resident of Alameda County, California, who, in February 2007, purchased Priority Beef Slices in Gravy, UPC Code #2113041452, "Jan 11 10." The Priority dog food purchased by plaintiff is a part of the group of Products that was produced, manufactured and/or distributed by defendants.

8. Defendant Menu Foods, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey, specifically located at 9130 Griffith Morgan Lane, Pennsauken, New Jersey 08110.

9. Defendant Menu Foods, Inc. is ultimately owned or controlled by defendant Menu Foods Income Fund, an unincorporated company with its principal place of business in the Province of Ontario, Canada. Some of defendant Menu Foods, Inc.'s high managerial officers or agents with substantial authority are also high managerial officers or agents of defendant Menu Foods Income Fund.

10. Defendant Menu Foods Midwest Corporation is a Delaware corporation, and upon information and belief, an affiliate or subsidiary of, and wholly owned and controlled by defendant Menu Foods Income Fund.

11. Defendant Menu Foods South Dakota, Inc. is a Delaware corporation, and upon information and belief, an affiliate or subsidiary of, and wholly owned and controlled by defendant Menu Foods Income Fund.

12. Plaintiff, individually and as representative of a Class of similarly situated persons as defined below, brings suit against the named defendants for offering for sale and selling to plaintiff and members of the Class the Products in a defective condition and thereby causing damages to plaintiff and members of the Class.

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and subsection (d), and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. §1367.

14. Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 and/or Pub. L. 109-2 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Thousands of consumers – including members of the Class – purchased the Products in this judicial district from retailers that defendants, their agents, affiliates, or others controlled or were in privity with. In turn, retailers or others sold the Products to the general public,

including plaintiff, and members of the Class. The Products were purchased for consumption by the pets of plaintiff and the other members of the Class. Defendants made or caused these products to be offered for sale and sold to the public, including plaintiff.

## IV. SUBSTANTIVE ALLEGATIONS

### Defendants and Their Defective Pet Food

15. Defendants are in the business of manufacturing, producing, distributing, and/or selling pet food under various brands or labels, and/or for third-party firms, including: America's Choice, Authority, Best Choice, Companion, Compliments, Demoulus Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Food Town, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, Preferred Pets, President's Choice, Priority, Sav-a-Lot, Schnucks, Science Diet Feline Savory Cuts Cans, Sophsitacat, Special Kitty US, Springfield Prize, Sprout, Total Pet, Wegmans, Western Family, White Rose, and Winn Dixie. Defendants has manufactured or produced pet food for private labels for approximately 17 of the 20 leading retailers in the United States.

16. Defendants' business includes manufacturing, producing, distributing, or selling dog food under various brands or labels, and/or for third-party firms, including: America's Choice, Authority, Award, Best Choice, Big Bet, Big Red, Bloom, Bruiser, Cadillac, Companion, Demoulus Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Mixables, Nutriplan, Nutro Max, Nutro Ultra, Nutro, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good & Meaty, Preferred Pets, President's Choice, Price Chopper, Priority, Publix, Roche Brothers, Sav-a-Lot, Schnucks, Shep Dog, Sprout, Statler Bros, Total Pet, Western Family, White Rose, Winn Dixie, and Your Pet.

17. Defendants produce millions of pouches or containers of pet food products each year, a substantial portion of which are sold or offered for sale in California. Upon information and belief, defendants have sold, either directly or indirectly, thousands of units of defective pet food and pet food products nationwide and in the State of California.

18. Defendants manufactured, marketed, advertised, warranted and sold, either directly or through their authorized distribution channels, the Products that caused plaintiff's damages. Plaintiff and members of the Class have been or will be forced to pay for damages caused by the defect in defendants' Products.

**Factual Allegations Related to Plaintiff**

19. In January and February 2007, plaintiff purchased Priority Beef Slices in Gravy dog food from a national chain grocery store, Safeway, operating in Northern California.

20. Plaintiff's dog was fed the dog food and became ill mid-February 2007, exhibiting numerous symptoms consistent with kidney failure.

21. Plaintiff's dog was put to sleep on March 3, 2007.

22. On or about March 16, 2007, defendants announced a recall of approximately 42 brands of "cuts and gravy style pet food," all produced by defendants "between December 3, 2006 and March 6, 2007." Defendants had initially received complaints from consumers as far back as February 20, 2007 indicating that certain of defendants' pet food was causing kidney failure and death in dogs and cats.

23. Thereafter, plaintiff learned about the recall and the potential problems that could occur from feeding the Products to her pet. Prior to the recall, defendants never warned plaintiff or any other member of the Class that the Products would cause their pets to have health problems. As referenced above, defendants knew about the risks of injury or death at least one month prior to the time that plaintiff fed the Products to her dog.

24.  As a result of their purchases of the Products, as set forth above, plaintiff and other members of the Class have suffered and will suffer damages, including consequential and incidental damages, such as the loss and disability of their household pets, costs of purchasing the Products and replacing them with a safe product, including sales tax or a similar tax, costs of making an additional trip to a retail store to purchase safe, non-contaminated pet food, the price of postage to secure a refund offered by defendants, the cost of veterinarians, treatment, medicines and the trip(s) to make such visits for diagnosis and treatment, and otherwise.

## V.  CLASS ACTION ALLEGATIONS

25.  Plaintiff brings this action on her own behalf and as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All persons in the United States who purchased, or incurred damages by using, pet food produced, manufactured and/or distributed by defendants that was or will be recalled by defendants, including that produced from December 3, 2006 up to and including March 6, 2007.

Upon completion of discovery with respect to the scope of the Class, plaintiff reserves the right to amend the class definition. Excluded from the Class are defendants, their parents, subsidiaries and affiliates, directors and officers, and members of their immediate families. Also excluded from the Class are the Court, the Court's spouse, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons.[1]

26.  Numerosity: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to plaintiff at this time and can only be ascertained through appropriate discovery, plaintiffs believe and therefore aver that there are thousands of Class members throughout the United States.

---

[1]  See Canon 3.C(3)(a) of the Code of Conduct for United States Judges.

CLASS ACTION COMPLAINT - 6 -

27. Commonality: There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

    (a)    Whether defendants sold the Products that were recalled or subject to a recall;

    (b)    Whether defendants advertised, represented, or held themselves out as producing or manufacturing a pet food product that was safe for pets of the Class members;

    (c)    Whether defendants expressly warranted these products;

    (d)    Whether defendants purported to disclaim any express warranty;

    (e)    Whether defendants purported to disclaim any implied warranty;

    (f)    Whether any limitation on warranty fails to meet its essential purpose;

    (g)    Whether defendants intended that the Products be purchased by plaintiff, Class members, or others;

    (h)    Whether defendants intended or foresaw that plaintiff, Class members, or others would feed the Products to their pets;

    (i)    Whether defendants recalled the Products;

    (j)    Whether defendants was negligent in manufacturing or processing the Products;

    (k)    Whether using the Products as intended – to feed their pets – resulted in loss, injury, damage, or damages to the Class;

    (l)    Whether defendants' negligence proximately caused loss or injury to damages;

    (m)    Whether Class members suffered direct losses or damages; and

    (n)    Whether Class members suffered indirect losses or damages.

28. Typicality: Plaintiff's claims are typical of the claims of the other members of the Class in that all such claims arise out of defendants' conduct in manufacturing, producing and entering into the stream of commerce defective pet food and pet food products, defendants' conduct surrounding the recall of its product, and plaintiff's and Class members' purchase and use of defendants' products. Plaintiff and the other members of the Class seek identical remedies under

1  identical legal theories, and there is no antagonism or material factual variation between plaintiff's
2  claims and those of the Class.

3  29. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class.
Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of
the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and
plaintiff has retained competent counsel experienced in litigation of this nature.

30. Plaintiff brings this action under Fed. R. Civ. P. 23(b)(3) because common questions
of law and fact (identified in ¶25 above) predominate over questions of law and fact affecting
individual members of the Class. Indeed, the predominant issue in this action is whether defendants'
Products are defective and have caused damages to plaintiff and the members of the Class. In
addition, the expense of litigating each Class member's claim individually would be so cost
prohibitive as to deny Class members a viable remedy. Certification under Fed. R. Civ. P. 23(b)(3)
is appropriate because a class action is superior to the other available methods for the fair and
efficient adjudication of this action, and plaintiff envisions no unusual difficulty in the management
of this action as a class action.

31. The undersigned counsel for plaintiff and the Class request that the Court appoint
them to serve as class counsel first on an interim basis and then on a permanent basis. Undersigned
counsel will fairly and adequately represent the interests of the Class, have identified or investigated
the Class' potential claims, are experienced in handling class actions, other complex litigation, and
consumer claims of the type asserted in the action, know the applicable law, will commit sufficient
resources to represent the Class, and are best able to represent the Class.

32. Plaintiff requests this Court to certify this Class in accordance with Fed. R. Civ. P. 23
and the Class Action Fairness Act of 2005.

CLASS ACTION COMPLAINT - 8 -

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Implied Warranty

33. Plaintiff hereby adopts and incorporates by reference ¶¶1-32 as if more fully set forth herein.

34. Defendants manufactured, marketed, sold and distributed the Products.

35. At the time that defendants marketed, sold, and distributed the Products, defendants knew of the purpose for which the Products were intended and impliedly warranted that the Products were of merchantable quality and safe and fit for such use.

36. Plaintiff reasonably relied upon the skill, superior knowledge and judgment of defendants as to whether the Products were of merchantable quality and safe and fit for its intended use.

37. Due to defendants' wrongful conduct as alleged herein, plaintiff could not have known about the risks and side effects associated with the Products until after ingestion by plaintiff's dog.

38. Contrary to such implied warranty, the Products were not of merchantable quality and were not safe or fit for their intended use.

39. As a direct and proximate result of defendants' breach of implied warranty, plaintiff suffered damages as alleged herein.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A. For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B. Awarding actual and consequential damages;

CLASS ACTION COMPLAINT - 9 -

C. Granting injunctive relief;

D. For pre- and post-judgment interest to the Class, as allowed by law;

E. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

F. Granting such other and further relief as is just and proper.

## SECOND CAUSE OF ACTION

### Breach of Express Warranty

40. Plaintiff hereby adopts and incorporates by reference ¶¶1-39 as if more fully set forth herein.

41. Defendants expressly warranted that the Products were safe for consumption by pets.

42. The Products did not conform to these express representations because the Products are not safe and cause serious side effects in pets, including death.

43. As a direct and proximate result of the breach of said warranties, and as the direct and legal result of the defective condition of the Products as manufactured and/or supplied by defendants, and other wrongdoing of defendants described herein, plaintiff was caused to suffer damages.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A. For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B. Awarding actual and consequential damages;

C. Granting injunctive relief;

D. For pre- and post-judgment interest to the Class, as allowed by law;

E. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

CLASS ACTION COMPLAINT - 10 -

F.     Granting such other and further relief as is just and proper.

## THIRD CAUSE OF ACTION

### Negligence

44. Plaintiff hereby adopts and incorporates by reference ¶¶1-43 as if more fully set forth herein.

45. Defendants owed plaintiff a duty to only offer safe, non-contaminated products for consumption by household pets.

46. Through their failure to exercise due care, defendants breached this duty by producing, processing, manufacturing, and offering for sale the Products in a defective condition that was unhealthy to plaintiff's pet.

47. Additionally, defendants breached their duty of care to plaintiff by failing to use sufficient quality control, perform adequate testing, proper manufacturing, production, or processing, and failing to take sufficient measures to prevent the Products from being offered for sale, sold, or fed to pets.

48. Defendants knew or, in the exercise of reasonable care should have known, that the Products presented an unacceptable risk to the pet of plaintiff, and would result in damage that was foreseeable and reasonably avoidable.

49. As a direct and proximate result of defendants' above-referenced negligence, plaintiff and the Class have suffered loss and damages.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A.     For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B.     Awarding actual and consequential damages;

C. Granting injunctive relief;

D. For pre- and post-judgment interest to the Class, as allowed by law;

E. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

F. Granting such other and further relief as is just and proper.

## FOURTH CAUSE OF ACTION

### Strict Product Liability

50. Plaintiff hereby adopts and incorporates by reference ¶¶1-49 as if more fully set forth herein.

51. Defendants are producers, manufacturers and/or distributors of the Products.

52. The Products produced, manufactured and/or distributed by defendants were defective in design or formulation in that, when the Products left the hands of defendants, the foreseeable risks exceeded the benefits associated with the design or formulation.

53. Defendants' Products were expected to and did reach plaintiff without substantial change in condition.

54. Alternatively, the Products manufactured and/or supplied by defendants were defective in design or formulation, in that, when they left the hands of defendants, they were unreasonably dangerous, more dangerous than an ordinary consumer would expect, and more dangerous than other pet food products without concomitant accurate information and warnings accompanying the product for plaintiff to rely upon.

55. The Products produced, manufactured and/or distributed by defendants were defective due to inadequate warning and/or inadequate testing and study, and inadequate reporting regarding the results of same.

56. The Products produced, manufactured and/or distributed by defendants were defective due to inadequate post-marketing warning or instruction because, after defendants knew or

CLASS ACTION COMPLAINT - 12 -

should have known of the risk of injury from the Products, defendants failed to immediately provide adequate warnings to plaintiff and the public.

57. As the direct and legal result of the defective condition of the Products as produced, manufactured and/or distributed by defendants, and of the negligence, carelessness, other wrongdoing and actions of defendants described herein, plaintiff suffered damages.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A. For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B. Awarding actual and consequential damages;

C. Granting injunctive relief;

D. For pre- and post-judgment interest to the Class, as allowed by law;

E. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

F. Granting such other and further relief as is just and proper.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

58. Plaintiff hereby adopts and incorporates by reference ¶¶1-57 as if more fully set forth herein.

59. As a direct, proximate, and foreseeable result of defendants' acts and otherwise wrongful conduct, plaintiff suffered damages. Defendants profited and benefited form the sale of the Products, even as the Products caused plaintiff to incur damages.

60. Defendants have voluntarily accepted and retained these profits and benefits, derived from consumers, including plaintiff, with full knowledge and awareness that, as a result of defendants' unconscionable wrongdoing, consumers, including plaintiff, were not receiving products

of the quality, nature, fitness, or value that had been represented by defendants or that reasonable consumers expected. Plaintiff purchased pet food that she expected would be safe and healthy for her dog and instead has had to now endure the death of her beloved pet.

61. By virtue of the conscious wrongdoing alleged in this Complaint, defendants have been unjustly enriched at the expense of plaintiff who is entitled to, and hereby seeks, the disgorgement and restitution of defendants' wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy defendants' unjust enrichment.

62. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against defendants as follows:

A. For an order certifying the Class under the appropriate provisions of Fed. R. Civ. P. 23, as well as any appropriate subclasses, and appointing plaintiff and her legal counsel to represent the Class;

B. Awarding reimbursement, restitution and disgorgement from defendants of the benefits conferred by plaintiff and the Class;

C. For pre- and post-judgment interest to the Class, as allowed by law;

D. For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

E. Granting such other and further relief as is just and proper.

# JURY DEMAND

Plaintiff and the Class demand a jury trial on all issues triable by a jury.

DATED: March 30, 2007

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS

_____
SHAWN A. WILLIAMS

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@lerachlaw.com

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PAUL J. GELLER
pgeller@lerachlaw.com
STUART A. DAVIDSON
sdavidson@lerachlaw.com
JAMES L. DAVIDSON
jdavidson@lerachlaw.com
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

Attorneys for Plaintiff and the Class

| | |
|---|---|
| 1 | CERTIFICATION OF INTERESTED ENTITIES OR PERSONS |
| 2 | Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the |
| 3 | named parties, there is no such interest to report. |

_____
ATTORNEY OF RECORD FOR
PLAINTIFF SHERRY INGLES

T:\casesSF\menu foods\CPT00040573.doc