```
 1  THOMAS A. PACKER  (SBN: 104767)
    MORDECAI D. BOONE  (SBN: 196811)
 2  CARRIE A. LUBINSKI (SBN: 174006)
    GORDON & REES LLP
 3  Embarcadero Center West
    275 Battery Street, Suite 2000
 4  San Francisco, CA  94111
    Telephone: (415) 986-5900
 5  Facsimile: (415) 986-8054

 6  Attorneys for Defendants
    MENU FOODS INCOME FUND; MENU FOODS, INC.; MENU FOODS MIDWEST
 7  CORPORATION; AND MENU FOODS SOUTH DAKOTA, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY INGLES, individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>MENU FOODS INCOME FUND; MENU FOODS, INC.; MENU FOODS MIDWEST CORPORATION; and MENU FOODS SOUTH DAKOTA, INC.<br><br>                    Defendants. | CASE NO.:  3:07-cv-01809-MMC<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING ALL PROCEEDINGS AND FOR PRESERVATION OF EVIDENCE**<br><br>The Honorable Maxine M. Chesney |

-1-
Stipulation and [Proposed] Order Staying All Proceedings and for Preservation of Evidence
Case No.: 3:07-cv-01809-MMC

Dockets.Justia.com

1  WHEREAS, this case is one of over seventy (70) putative class actions filed in this court and several other courts throughout the country for damages and injunctive relief, arising from the manufacture, distribution and/or sale of pet food products allegedly by and through Defendants Menu Foods Income Fund, Menu Foods, Inc., Menu Foods Midwest Corporation and Menu Foods South Dakota, Inc. (hereinafter collectively referred to as "Menu Foods").

WHEREAS, actions are currently pending in the Western District of Washington, Eastern District of Tennessee, Northern District of Illinois, Western District of Wisconsin, Western District of Arkansas, District of New Jersey, Northern District of Florida, Southern District of Florida, Middle District of Florida, District of Massachusetts, District of Connecticut, Central District of California, District of Rhode Island, District of Maine, Northern District of California, District of Nevada, District of Idaho, and Northern District of Ohio. Specifically, the pending cases allege that Menu Foods sold contaminated pet food to the general public and individuals whose pets consumed this pet food and sustained injuries and/or death.

WHEREAS, on March 30, 2007, four (4) separate motions for transfer and coordination or consolidation pursuant to 28 U.S.C. § 1407 were filed by four (4) different groups of plaintiffs. Plaintiff Shirley Sexton filed the first MDL motion, seeking to transfer her case and numerous other cases involving alleged injuries and/or death arising out of the purchase and/or consumption of pet food manufactured by Defendants to the Central District of California. Plaintiff Christina Troiano filed the second MDL motion, seeking transfer to the Southern District of Florida. Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrance Mitchelle, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michelle Suggett and Don James, filed their MDL motion to transfer the cases to the Western District of Washington. Finally, Plaintiffs Jayme Pittsonberger, David Carter, and Jim Bullock filed their MDL motion to transfer the cases to the District of New Jersey.

WHEREAS, on March 30, 2007, Plaintiff Shirley Ingles filed a products liability action in the Northern District of California, alleging that Plaintiff's pet sustained injuries and/or death as a result of the purchase and/or consumption of pet food manufactured by Menu Foods.

\\\

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

WHEREAS, on April 12, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Notice of Hearing Session for May 31, 2007, to consider the MDL motions ("Collectively known as MDL 1850 - *In re Pet Food Products Liability Litigation*). The JPML will determine whether all actions, including this action, should be transferred and coordinated and/or consolidated under 28 U.S.C. § 1407 for pretrial proceedings.

WHEREAS, the parties believe that in the short intervening time between now and a decision by the MDL Panel on transfer and coordination and/or consolidation, a stay of these proceedings will conserve party and judicial resources.

IT IS HEREBY STIPULATED by and between the Plaintiff and Defendants, through their designated counsel that this matter, including the deadlines for the parties to participate in class certification and other pretrial proceedings, be stayed pending the establishment of *In re: Pet Food Products Liability Litigation*, MDL Docket No. 1850, and the potential subsequent transfer of this case for coordinated pretrial proceedings with other actions pending throughout the country.

All parties shall, during the pendency of the stay of this matter, comply with their duty to preserve all evidence that may be relevant to this action. This duty extends to documents, electronic data, and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, or carriers who possess materials reasonably anticipated to be the subject of discovery in this action. "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data and tangible things reasonably anticipated to be the subject of discovery under Federal Rules of Civil Procedure 26, 45 and 56(e) in this action. Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible. If the business practices of any party involve the routine destruction, recycling, relocation, or mutation of materials, the party must, to the extent practicable for the pendency of this order, either:

    i)    halt such business practices;

    ii)    sequester or remove such material from the business process; or

    iii)    arrange for the preservation of complete and accurate duplicates or copies of such material, suitable for later discovery if requested.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: May ___, 2007

LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP


By: _____
Shawn A. Williams
Attorneys for Plaintiff SHERRY INGLES, individually and on Behalf of All Others Similarly Situated


Respectfully submitted,

Dated: May ___, 2007

GORDON & REES LLP


By: _____
Carrie A. Lubinski
Attorneys for Defendants MENU FOODS INCOME FUND; MENU FOODS, INC.; MENU FOODS MIDWEST CORPORATION; AND MENU FOODS SOUTH DAKOTA, INC.

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

By: _____
Maxine M. Chesney
Judge of the U.S. District Court